OPINION
 "I. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE STRIPS APPELLANT OF ALL CONSTITUTIONAL AND STATUTORY PROTECTIONS DURING APPELLANT'S INCARCERATION, AND EVEN AFTER APPELLANT'S RELEASE.
 "II. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE STRIPS APPELLANT OF THE PROTECTION AGAINST DOUBLE JEOPARDY UNDER THE STATE AND FEDERAL CONSTITUTIONS.
 "III. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE DEPRIVES APPELLANT OF HIS RIGHT TO SUBSTANTIVE DUE PROCESS UNDER THE STATE AND FEDERAL CONSTITUTIONS.
 "IV. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE VIOLATES APPELLANT'S RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE STATE AND FEDERAL CONSTITUTIONS.
 "V. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE SUBJECTS APPELLANT TO PENALTIES THROUGH STATUTORY PROVISIONS THAT VIOLATE THE DOCTRINE SEPARATION OF POWERS.
 "VI. THE SENTENCE RENDERED BY THE TRIAL COURT IS UNLAWFUL IN THAT THE SENTENCE VIOLATES APPELLANT'S RIGHT TO BE FREE FROM RETROACTIVE AND EX POST FACTO LAWS UNDER THE STATE AND FEDERAL CONSTITUTIONS."
The facts which are relevant to the issues on appeal are as follows. On December 30, 1996, a complaint was filed in the Erie County Court of Common Pleas, Juvenile Division, which alleged that appellant, who was then fifteen years old, "caused or attempted to cause serious physical harm to Dusti Lane, by burning her several times with a heated claw hammer." On that same day, appellant was placed in shelter care. On January 13, 1997, the prosecuting attorney filed a motion to bind appellant over to the Erie County Grand Jury to be tried as an adult and, on March 14, 1997, after holding an amenability hearing, the trial court granted the prosecutor's motion.
On April 7, 1997, appellant appeared in the Erie County Court of Common Pleas, waived his right to a grand jury, and pled guilty to one count of rape in violation of R.C. 2907.02(A)(2), and one count of felonious assault in violation of R.C.2903.11(A)(1). As part of his plea, appellant agreed to serve a seven year sentence. At the hearing, the trial court explained to appellant that he was pleading guilty to a sexually oriented offense, and that he would be classified as a sexually oriented offender[1] and subjected to statutory post-detention registration requirements.[2] The trial court also explained to appellant that the parole board could increase his sentence up to fifty percent should he commit additional crimes while still in prison. As part of his plea, appellant reserved the right to appeal the possible extension of his sentence, and his classification as a sexually oriented offender subject to post-detention registration requirements. On May 6, 1997, appellant filed a timely notice of appeal.
Appellant's first five assignments of error, in which he argues that R.C. 2967.11, the sentencing statute which provides for the extension of an offender's sentence for "bad time" is unconstitutional, will be considered together. Upon consideration, we find that appellant's first five assignments of error are not well-taken on the authority of this court's decision in State v. Somerlot (Jan. 23, 1998), Erie App. No. E-97-02, unreported.
Appellant asserts in his sixth assignment of error that the application of R.C. 2950.04 to him is a violation of both Section 28, Article II, Ohio Constitution, which prohibits the Ohio General Assembly from enacting retroactive laws, and the Ex Post Facto clause of Section 10, Article I, United States Constitution. Appellant argues in support thereof that he should not be subject to post-detention registration requirements because they "did not exist [for non-habitual sex offenders] at the time the offenses were committed and [he was] sentenced."
Upon the authority of State v. Gonyer (June 26, 1998), Wood App. No. WD-97-062, unreported, this court finds appellant's argument well-taken. The application of R.C. 2950.04 in this case, in which the offensive conduct and appellant's conviction and sentencing all took place prior to the effective date of the statute, constitutes a retroactive application of the law and therefore violates Section 28, Article II, Ohio Constitution. Accordingly, we need not address the issue of whether the application of R.C. 2950.04 to appellant violates the Ex Post Facto clause of the United States Constitution.
On consideration whereof, this court finds further that substantial justice has not been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed in part and reversed in part, and this case is remanded to the trial court for further proceedings consistent with this opinion. Court costs of this appeal are assessed equally to appellee, the state of Ohio, and appellant.
Because this court finds that the case sub judice is in conflict with State v. Lance,(Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, C-970283, unreported; State v. Kimble, (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported; and State v.Lyttle, (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, on the issue of the constitutionality of R.C. Chapter 2950, we hereby certify the record of this case to the Supreme Court of Ohio for review and final determination.
 JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 Richard W. Knepper, J.
CONCUR.
[1] Pursuant to R.C. Chapter 2950, Ohio's sexual predator law, effective January 1, 1997, a "sexually oriented offender" is a person who is convicted of or pleads guilty to a sexually oriented offense, but is not adjudicated or determined by the sentencing court to be a "sexual predator," as defined in R.C.2950.01(E), or a "habitual sex offender," as defined by R.C.2950.01(B).
[2] The registration provisions of R.C. Chapter 2950, which became effective July 1, 1997, require sexual offenders to register within seven days of establishing residence in the county in which they reside, or in which they are temporarily domiciled for more than seven days, with the county sheriff, to report any change of address at least seven days prior to such change, and then to verify their residential address annually for ten years. See R.C. 2950.04, R.C. 2950.05, R.C. 2950.06, and R.C. 2950.07.